# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JANISON VEAL,

        Petitioner,

v.                                                    Civil Action No. 3:10cv120
                                                  Criminal Action No. 3:02cr43

UNITED STATES OF AMERICA,       (Judge Stamp)

        Respondent.

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On December 27, 2010, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Dkt.# 204). The Government was ordered to answer on December 28, 2010 (Dkt.# 208); filed its response on January 12, 2011 (Dkt.# 211); and then supplemented its response on January 28, 2011. (Dkt.# 214). Petitioner replied on February 28, 2011. (Dkt.# 215).

## II. FACTS

### A. Conviction and Sentence

On March 19, 2003, the petitioner entered his plea in open court to all four counts of the indictment. Counts One, Two, and Three charged distribution of .47, .88, and 1.71 grams of cocaine base, respectively, in violation of 21 U.S.C. § 841 (a)(1) and § 841 (b)(1)(c). Count Four charged possession with intent to distribute an unspecified amount of crack cocaine. There was no plea agreement. During the plea hearing, the Government presented the testimony of Trooper Andy Evans ("Evans") of the West Virginia State Police to establish a factual basis for the plea. (Dkt.# 67 at 14-21). All the crack purchases which were the factual basis for the plea to Counts One, Two, and Three

were between defendant and Ms. Lowe, a confidential informant. Defense counsel did not cross-examine Evans about Ms. Lowe's crack purchases from petitioner, (Id.) but did, however, cross-examine Evans about another confidential informant, Ms. Greenfield, who testified before the Grand Jury against petitioner. (Id. at 22-24). The cross-examination went to the issue of relevant conduct as to Count Four. (Id. at 23). Petitioner did not contest the factual basis for the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of all four Counts of the indictment. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 25-26) Finally, petitioner testified that his attorney had adequately represented him, and had left nothing undone. (Id. at 26). At the conclusion of the hearing, after Petitioner admitted he was in fact guilty of all four counts, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of all four counts were established beyond a reasonable doubt. (Id. at 27-28) The petitioner did not object to the Court's findings.

On June 2, 2003, the petitioner appeared before the Court for sentencing. Before sentencing, the Court advised the parties that on May 30, 2003 (the Friday before the sentencing on Monday, June 2, 2003) the Court received by fax a letter from Defendant requesting to withdraw his plea agreement. The Court denied the motion for four reasons: 1) it was untimely; 2) it was a hybrid motion (filed *pro se* while represented by counsel); 3) there was no Apprendi issue; and 4) no copy of the motion had been sent to the United States Attorney.

After considering several factors, including the circumstances of both the crime and the petitioner's criminal history, and the sentencing objectives of punishment, the Court sentenced

petitioner to a term of 240 months imprisonment on each of the four counts, all sentences to run concurrently.

## B. First Appeal

On June 9, 2003, the petitioner filed a notice of appeal. (Dkt.# 86). On appeal, petitioner argued that:

1) counsel was ineffective after the entry of the plea, for failing to file any objections to his PreSentence Report ("PSR") and for not reviewing the PSR with him before the sentencing hearing;

2) at sentencing, counsel failed to object to the improper application of criminal history points and the enhancement he received for obstruction of justice.

3) The District Court erred in denying his motion to withdraw his guilty plea, in violation of Fed. R. Crim. P. 11(d)(1); and

4) the Government's calculation of drug weight without having proved the evidence to a jury beyond a reasonable doubt raised an Apprendi[1] claim.

On February 9, 2004, by unpublished *per curiam* opinon, the Fourth Circuit affirmed the petitioner's conviction and sentence. (Dkt.# 102).

## C. First Federal Habeas Corpus (Dkt.# 104)

On February 25, 2005, the petitioner filed his first §2255 motion, contending that:

1) his sentence was unconstitutional under Apprendi, Blakely,[2] and Booker;[3]

2) his guilty plea was involuntary;

3) counsel was ineffective for failing to prepare for the sentencing hearing, failing to review the PSR with him, and failing to file any objections to the PSR;

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[2] Blakely v. Washington, 542 U.S. 296 (2004).

[3] United States v. Booker, 543 U.S. 220 (2005).

3

4) appellate counsel was ineffective for failing to raise Rule 32 issues on direct appeal; and

5) appellate counsel was ineffective for failing to file a petition for a writ of *certiorari* following the denial of his direct appeal.

All of his claims were denied with the exception of the claim that counsel did not review the PSR with him prior to sentencing, entitling him to be re-sentenced. (Dkt.#119 and 124).

On October 22, 2007, petitioner appeared for re-sentencing, and the Court reimposed the same sentence he originally received, 240 months for each count to be served concurrently. (Dkt.# 157).

**D. Second Appeal**

On September 30, 2008, petitioner appealed his amended sentence, in which he contended that:

1) the District Court's determination of relevant conduct was improperly based on unreliable hearsay;

2) the District Court, in error, used a statistically unreliable sampling method; and

3) his sentence was unreasonable under 18 U.S.C. § 3553(a) and Kimbrough.[4]

The Fourth Circuit affirmed in part and vacated in part petitioner's amended sentence, remanding his case for re-sentencing in light of Kimbrough, which had not been decided at the time of the petitioner's first re-sentencing. (Dkt.# 169).

On February 24, 2009, the petitioner appeared at sentencing with counsel and made an oral motion to proceed *pro se* which was granted, given the limited issues to be addressed. Counsel was directed to remain present as standby counsel. (Dkt.# 195 at 3- 4). After granting a two-level reduction in his base offense level under the new guidelines, the Court re-sentenced petitioner to a term of 210 months for each count, the terms to run concurrently. (Id. at 43).

---

[4] Kimbrough v. United States, 522 U.S. 85 (2007).

### E. Third Appeal

On October 15, 2009, appearing *pro se* by request, petitioner filed his third appeal, raising five issues:

1) the District Court violated Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure and due process when it failed to properly resolve a disputed matter;

2) the District Court violated Rule 32(c)(1) of the Federal Rules of Criminal Procedure and due process when it used inaccurate information to make a sentence determination that caused a sentence increase;

3) the District Court erred in imposing a sentence in excess of the maximum it informed the petitioner he would receive;

4) the District Court treated the Guidelines as mandatory, in violation of Booker, Spears,[5] and Kimbrough; and

5) the District Court abused its discretion when it did not consider Amendment 709 and committed procedural error when it failed to consider the §3553(a) factors.

On October 29, 2009, the petitioner's sentence was affirmed. The Fourth Circuit declined to consider any of the issues the petitioner raised which were outside the ambit of the District Court's consideration of Kimbrough, because they were foreclosed by the mandate rule. (Dkt.# 200).

Petitioner's November 17, 2009 petition for rehearing and rehearing *en banc* were denied on January 22, 2010. (4th Cir. Dkt.# 29 and 31)(09-4240). On June 15, 2010, petitioner's May 18, 2010 petition for writ of *certiorari* was denied. (4th Cir. Dkt.# 34 and 33) (09-4240).

### F. Second and Instant Federal Habeas Corpus (Dkt.# 204)

The defendant filed this instant §2255 motion on December 27, 2010, contending that
1(a) the District Court violated Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure and petitioner's due process rights at the re-sentencing hearing, when it failed to correctly resolve a

---

[5] Spears v. U.S., 555 U.S. 261 (2009).

5

dispute over petitioner's criminal history, which resulted in a sentence increase;

1(b) counsel rendered ineffective assistance at the re-sentencing hearing, when she failed to object to the incorrect resolution; and

1(c) appellate counsel rendered ineffective assistance when he failed to raise the issue on appeal.

2(a) The District Court violated Rule 32(c)(1) of the Federal Rules of Criminal Procedure and petitioner's due process rights when it used inaccurate information regarding drug amounts attributable to petitioner's relevant conduct, resulting in a longer sentence;

2(b) counsel rendered ineffective assistance in failing to argue the District Court's reliance on the inaccurate drug amount information; and

2(c) appellate counsel rendered ineffective assistance when he failed to raise the issue on appeal.

3) The District Court violated petitioner's due process at re-sentencing, when it failed to:

 a) consider §3553(a) factors;

 b) consider all the non-frivolous arguments for a below-guideline sentence; and

 c) make an adequate individualized assessment of the facts and adequately explain the chosen sentence.

4) Trial counsel rendered ineffective assistance at the re-sentencing hearing, because she was acting under a conflict of interest which caused her not to call witnesses to testify on petitioner's behalf.

5) Appellate counsel rendered ineffective assistance because he was acting under a conflict of interest, which caused him not to specifically attack Government witnesses by name, because he had previously represented a Government witness against petitioner.

As relief, the petitioner seeks to have his sentence vacated or, in the alternative, an evidentiary hearing or "full re-sentencing."

## G. Government's Response and Supplemental Response (Dkt.# 211 and 214)

1) Petitioner's instant § 2255 motion is second and successive and he has not obtained consent to file such a motion. The fact that petitioner has been re-sentenced does not necessarily give him

leave to file a second or successive motion: he has neither presented newly-discovered evidence nor a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable.

2) Petitioner is merely attempting to relitigate many of his prior claims, most, if not all of which have already been decided by this Court and the Fourth Circuit Court of Appeals.

3) Petitioner's claim that the District Court failed to properly resolve a dispute over his criminal history points, in addition to already having been rejected by the Fourth Circuit in his first appeal, lacks factual support. Further, the legal authority petitioner offers in support is inapposite.

4) Likewise, petitioner's claim of ineffective assistance regarding counsel's alleged failure to object to this non-issue at sentencing, as well as appellate counsel's failure to raise the issue on appeal also have no support. At the 2007 re-sentencing, counsel made all the objections petitioner wanted to pursue, including those he had wanted presented at his original sentencing. Moreover, the objection counsel made on petitioner's behalf was an argument that the Magistrate Judge had previously noted to be unpersuasive, and had already been rejected by both the District Court and the Fourth Circuit Court of Appeal. Petitioner fails to demonstrate that counsel's continued objection on this point or appellate counsel's re-raising the issue on appeal would have been useful, let alone that he sustained any prejudice.

5) Petitioner's due process violation claim that the District Court used inaccurate drug relevant conduct information to increase his sentence is a rehash of his second appellate argument (No. 09-4240). The Fourth Circuit found the District Court's relevant conduct determination to be reliable and petitioner's continued contention to the contrary lacks merit. Accordingly, because petitioner's entire substantive argument is frivolous, neither trial nor appellate counsel would have had any obligation to pursue it. Moreover, petitioner cannot prove prejudice.

6) Petitioner's due process violation claim that the District Court failed to consider: the 18 U.S.C. § 3553(a) factors; all the non-frivolous arguments for a below-guideline sentence; and failed to make an adequate individualized assessment of the facts not adequately explained in the chosen sentence fails as well. The District Court's consideration of issues on re-sentencing was foreclosed by the Fourth Circuit's mandate rule to only <u>Kimbrough</u> arguments. Petitioner has no standing to reintroduce his previous § 3553(a) factors (or any other non-<u>Kimbrough</u> error) because it is beyond the scope of his remand and those issues had already been considered and ruled upon at his previous sentencing. Petitioner's claim that the court gave no consideration to any of his claims lacks support in the record. Likewise, the court properly considered the § 3553(a) factors.

7) Petitioner's new claim that previous counsel Cesare and Arnold were operating under an actual conflict of interest has never been raised before and the Government believes the allegations are false; they are not supported in the record; and petitioner never asked the Court to consider anything about the issue at the February 24, 2009 re-sentencing, despite what his attached affidavit

7

claims. Further, petitioner has not met the requirements of Cuyler v. Sullivan[6] or the 3-factor test described in Mickens v. Taylor,[7] in establishing the existence of a conflict of interest. Finally, the Government's supplemental response offers a January 24, 2011 affidavit from defense counsel Attorney Arnold, stating that he represented petitioner in his appeal and re-sentencing; met with him numerous times and appeared in court with him; petitioner never indicated to him that he believed there was a conflict; he was not aware of any conflict himself; and had he been advised by petitioner that there was a conflict, he would have withdrawn from representation.

8) Petitioner's § 2255 motion should be denied and dismissed.

## H. Petitioner's Reply (Dkt.# 215)

Petitioner reiterates his § 2255 motion claims and attempts to refute the Government's response to the same.

### III. ANALYSIS

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

## A. Second and Successive §2255 Petitions

To the extent that petitioner asserts claims arising from the original sentences imposed in June 2, 2003 and October 22, 2007, those claims should be dismissed as successive. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, in order to bring a second or

---

[6] Cuyler v. Sullivan, 446 U.S. 335 (1980).

[7] Mickens v. Taylor, 240 F.3d 348 (4th Cir. 2001).

successive habeas petition, the petitioner must first receive authorization from the appropriate court of appeals. See 28 U.S.C. § 2255. A second or successive motion will only be certified by the Court of Appeals if it contains (1) newly discovered evidence that would establish by clear and convincing evidence that no reasonable juror would have found the movant guilty or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id.

Here, petitioner did not seek leave from the Fourth Circuit Court of Appeals for authorization to file a second or successive habeas petition. Accordingly, any claims in the instant case that relate to the original sentence(s) should be dismissed as successive. For that reason, the undersigned will only specifically address those claims related to petitioner's February 24, 2009 re-sentencing.[8]

**B. Ground One**

In ground 1(a), petitioner asserts that the District Court violated Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure and petitioner's due process rights at his re-sentencing hearing, when it failed to correctly resolve a a dispute over petitioner's criminal history, which resulted in a sentence increase. This issue is successive, as it is related to his original sentence. Moreover, it is procedurally barred, having already been rejected by the Fourth Circuit in his first appeal, which found that "Veal's criminal history points were correctly calculated." (Dkt.# 102 at 3). Accordingly, ground 1(a) should be denied.

In Ground 1(b), petitioner contends that counsel rendered ineffective assistance at the re-sentencing hearing, when she failed to object to the incorrect resolution of the disputed criminal

---

[8] Pursuant to In re Taylor, 171 F.3d 185, 187-188 (4th Cir. 1999), a motion is not second or successive if the petitioner seeks to raise only issues originating from a re-sentencing hearing. Thus, the petitioner may seek to vacate an amended sentence without authorization from the court of appeals. Id.

9

history points.  However, the undersigned has already determined that petitioner's criminal history was not incorrectly calculated.  Therefore, counsel could not be deficient for failing to object and petitioner suffered no prejudice.  See Strickland v. Washington, 466 U.S. 668 (1984) (finding that in order to sustain an ineffective assistance of counsel claim, petitioner must demonstrate that counsel's representation was deficient, and that, but for that deficiency, the results of the proceedings would have been different.)

Likewise, petitioner's Ground 1(c) claim that appellate counsel rendered ineffective assistance when he failed to raise the issue on appeal also fails.  Appellate counsel cannot be found deficient for failing to raise an issue which had already been raised and rejected by the Fourth Circuit.

**C. Ground Two**

In Ground two (a), petitioner asserts that the District Court violated Rule 32(c)(1) of the Federal Rules of Criminal Procedure and petitioner's due process rights when it used inaccurate information regarding drug amounts attributable to petitioner's relevant conduct, resulting in a longer sentence.  In addition to being successive, as the Government's response correctly notes, this claim is merely a rehash of petitioner's second appellate argument (No. 09-4240). The Fourth Circuit found the District Court's relevant conduct determination to be reliable.  Petitioner's continued contention to the contrary lacks merit and is procedurally barred.

Accordingly, because petitioner's entire substantive argument is frivolous, his Ground Two (b) claim that counsel was ineffective for failing to argue that the District Court's reliance on the allegedly inaccurate drug information was unfounded, and his Ground Two (c) claim that appellate counsel failed to raise the issue on appeal fail.  Neither counsel would have had any obligation to pursue this issue.  Moreover, petitioner cannot prove prejudice.

**D. Ground Three**

Petitioner's Ground Three (a) claim that the District Court violated his due process at re-sentencing by not considering § 3553(a) factors fails to recognize that pursuant to the mandate rule, on remand by the Fourth Circuit, the scope of his re-sentencing was limited to consideration of only the application of the 100 to 1 ratio of the crack cocaine guidelines under <u>Kimbrough</u>. The District Court was not authorized to consider any other issues. Moreover, this issue is successive and procedurally barred, as the Fourth Circuit considered and ruled on petitioner's § 3553(a) claims in his second appeal (No. 07-5048), finding no error.

Accordingly, petitioner's Ground Three (b) claim that the District Court consider all the non-frivolous arguments for a below-guideline sentence also fails for the same reasons.

Petitioner's Ground Three (c) claim that at re-sentencing, the District Court failed make an adequate individualized assessment of the facts and adequately explain the chosen sentence lacks support in the record. The District Court addressed in long and great detail the reasons for its specific findings and its decision to grant only the two-level reduction, specifically and repeatedly advising petitioner, who was representing himself *pro se* with standby counsel, that it would not consider all the other issues he repeatedly tried to re-introduce, because "the scope of today's hearing will be whether I determine in my discretion to apply any adjustment under <u>Kimbrough</u> . . . and the resentencing under the retroactive amendment to the crack guidelines." (Dkt.# 195 at 12). Relief should be denied.

**E. Ground Four**

Petitioner contends that trial counsel Carmela Cesare rendered ineffective assistance at his October 22, 2007 re-sentencing hearing, when "during a meeting," presumably before the October 2007 sentencing, she mentioned she had "discussed a possible conflict of interest" with her partners

11

concerning petitioner's case.[9] Petitioner claims Ms. Cesare said she would bring the conflict to the court's attention, but that it was never discussed again. Subsequently, petitioner contends, several weeks after the October 2007 sentencing, he received a package from Ms. Cesare's office with the full name of her firm on it, and upon reflection, he "realized he had meet [sic] with Andrew Arnold several years earlier . . . at the regional jail for the purpose of Mr. Arnold possibly being retained . . . Shortly after the meeting Mr. Arnold told . . . petitioner he nor his firm could be retained because they represented a government witness against petitioner." Petitioner contends that this conflict of interest caused Ms. Cesare to refuse to call witnesses to testify on petitioner's behalf at his second re-sentencing hearing on October 22, 2007.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that the petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

A Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what is reasonable performance. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir.

---

[9] Petitioner contends Ms. Cesare or members of her firm previously represented a witness who provided drug relevant conduct evidence against him.

1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

"The Sixth Amendment guarantees an accused the right to effective assistance of counsel, and an essential aspect of this right is a lawyer 'unhindered by conflicts of interest.'" See United States v. Nicholson, 475 F.3d 241, 248 (4th Cir. 2007) (citing Strickland v. Washington, supra and quoting Mickens v. Taylor, 240 F.3d 348, 355 (4th Cir. 2001) (en banc), *aff'd*, 535 U.S. 162 (2002)). When a petitioner asserts an ineffective assistance of counsel claim based on a conflict of interest, the standard for such a claim is set forth in Cuyler v. Sullivan, 446 U.S. 335 (1980). Nicholson at 249. "To establish a conflict of interest resulted in ineffective assistance, '[m]ore than a mere possibility of conflict must be shown.'" Id. (quoting United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991)). Instead, the petitioner must show "(1) that his lawyer was under an actual conflict of interest, and (2) that this conflict adversely affected his lawyer's performance." Id. (citing Cuyler v. Sullivan, 446 U.S. at 348) (internal citations omitted).

To show an actual conflict of interest, the petitioner "must show that [his] interests diverged with respect to a material factual or legal issue or to a course of action." Gilbert v. Moore, 134 F.3d 642, 652 (4th Cir. 1998) (en banc) (internal quotations omitted). Alternately, a conflict of interest exists when counsel is regarded to "account to two masters" or when he fails to take action on behalf of one client because it would adversely affect another. United States v. Tatum, 943 F.2d at 376.

In this ground, the petitioner asserts that he was "adament [sic] in his request to Ms. Cesare to call all witnesses, but she kept making excuses for why she would not, petitioner gave her various information which would prove most of the statements to be false or exaggerated." (Dkt.# 204-5 at 2). He contends that counsel's failure to call witnesses at his re-sentencing hearing denied him his

> best chance to lower the drug total and question his accusers in open court. Her

13

actions also allowed the person which they represented to have all his accusations of drug involvement with petitioner to be used to enhance petitioner's sentence. This Amount [sic] was not removed from the final drug total."

(Id.).

A thorough review of the October 22, 2007 sentencing hearing reveals that Attorney Cesare advanced fourteen different objections to the PSR on petitioner's behalf and vigorously cross-examined two Government witnesses. After the witnesses' testimony, Cesare addressed to court, asking if petitioner might be able to speak directly to the court on several issues himself:

> MS. CESARE: Your Honor, my client has put an awful lot of time and research into the defense of his own case, and he has a few questions that he would like to pose to the Court. Would you be willing to entertain those questions? I understand, Your Honor, normally it comes through counsel for the defense, but he's quite insistent in asking you a few questions.
>
> THE COURT: I would like to come through the defense please.
>
> MS. CESARE: Thank you.
>
> THE COURT: Typically questions don't get asked of the Court.

(Id. at 66).

Counsel then proceeded to present petitioner's additional legal arguments to the Court. After the Court announced its tentative findings, Attorney Cesare gave a long impassioned statement on petitioner's behalf, reiterating many of her objections, and then petitioner exercised his right of allocution. His lengthy speech to the court spanned ten full pages of transcript. (Id. at 74 - 83). Conspicuously absent from his allocation is any mention by petitioner that Attorney Counsel had adamantly refused to call witnesses on his behalf so that she could protect a witness against him who was a former client of hers. Given petitioner's ready willingness and familiarity with speaking to the Court on his own behalf, it is not plausible that had such an egregious conflict existed, petitioner

14

would not have hesitated to place it on the record.

Petitioner's claims lack merit and support in the record. He has neither shown that his lawyer was under an actual conflict of interest, or that this conflict adversely affected his lawyer's performance. This claim appears to be merely another attempt to attack the weight of the drug relevant conduct, now via an attack on counsel, which petitioner has repeatedly tried to reintroduce in both his prior collateral attack and his direct appeals, despite this Court's rulings and the Fourth Circuit's finding that there was no error in that regard. Accordingly, this ground should be denied.

## F. Ground Five

Petitioner asserts that appellate counsel Andrew Arnold rendered ineffective assistance because he was also acting under the same conflict of interest that Attorney Cesare was, which caused him not to specifically attack certain Government witnesses who provided drug relevant conduct evidence, because he had previously represented a Government witness against petitioner.

The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal citations and quotations omitted). On review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal." Bell v. Jarvis, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having

the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). "Indeed, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." Bell v. Jarvis, 236 F.3d at 164 (quoting Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotations omitted). However, although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

Here, at petitioner's third resentencing, without explanation, immediately after being sworn at the outset of the hearing he advised the Court that he wished to proceed *pro se.* Attorney Arnold, who also represented him at sentencing, informed the Court that they had spoken earlier that afternoon and he had advised him of his rights and he believe that petitioner's waiver of the right to counsel was knowing and intelligent. Because the issues at re-sentencing were to be limited to Kimbrough, the Court permitted petitioner to proceed pro se with Attorney Arnold as standby counsel. (Dkt.# 195 at 3).

Well into the sentencing hearing, as petitioner expounded his rambling arguments, he made an aside remark:

> . . . That's why I said these are things I wanted to motion to the Court in writing. But I have been trying to contact my - - the attorney, but they said he was my attorney. Ms. Cesare was my attorney. They had Federal Public Defender was my attorney. [sic] I haven't had contact with an attorney for two years since I left this courtroom, and I have been trying to do that. Because I have wanted to represent myself. And then I come to find out later about a conflict of interest dealing, you know, with Mr. Arnold's office. They represented someone that was testifying against me. And so,

16

> you know, I'm trying to keep this proceeding, because I, just like you, this is an old proceeding. I'm trying to get it on and get it over with.

(Id. at 9).

Petitioner made no more mention of a conflict of interest and the hearing proceeded, with him making extensive argument to the Court, repeatedly trying to re-introduce issues that had already previously been ruled upon.

In response to petitioner's § 2255 contentions regarding the alleged conflict of interest, Attorney Arnold provided an affidavit verifying that he represented the petitioner at his third re-sentencing and appeal; they met numerous times and he appeared in court with him; he was unaware of any conflict he may have had in representing petitioner; the petitioner never indicated to him that there was a conflict; and that had he been so advised by the petitioner that there was a conflict, he would have withdrawn from representation. (Dkt.# 214-1).

As with petitioner's claim of a conflict between him and Attorney Arnold's partner, Carmela Cesare, this claim lacks support in the record. Further, petitioner's claim counsel's representation of him on appeal was tainted by conflict because an unspecified former client of Cesare and Arnold was a Government witness whose testimony helped amass crucial drug relevant conduct evidence against him is merely an unsupported allegation, easily controverted by a cursory review of the record. Petitioner never raised the issue with Ms. Cesare or her firm at his second re-sentencing, when he gave his 10-page impassioned allocution to the Court. Petitioner's own affidavit merely reiterates that he asked Attorney Cesare to call all witnesses to testify and alleges that Cesare failed to do so "because of her knowledge of the conflict." (Dkt.# 204-5 at 3). By contrast, counsel's detailed affidavit is entirely consistent both with the record and with petitioner's in-court position; it clearly supports the finding that not only did petitioner never raise the issue of conflict, Arnold was unaware

17

of one, despite their numerous contacts in meeting privately and in court, and that had Arnold been aware, he would have withdrawn from representation.

An affiant's inclusion of specific details is a strong indicator of his or her credibility, and credibility determinations may sometimes be made on a written record without live testimony. Strong v. Johnson, 495 F.3d 134, 139 (4th Cir. 2007). Further, a court is permitted to discount unsupported or conclusory statements that appear in affidavits. United States v. Perez, 393 F.3d 457, 464 (4th Cir. 2004). Habeas corpus petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). The petition must come forward with evidence that the claim has merit. Nickerson v. Lee, 971 F.2d 1125 (4th Cir. 1992) *cert. denied,* 507 U.S. 923 (1993), *abrogation on other grounds recognized,* Yeatts, v. Angelone, 166 F.3d 255 (4th Cir. 1999). Allegations amounting to nothing more than conclusions provide no basis for an evidentiary hearing. Id.

This claim is so completely lacking in merit that appellate counsel's decision not to choose it for appeal was not surprising and completely appropriate. It is appellate counsel's job to winnow out weaker arguments in favor of arguments which are more promising. This is not a situation where an ignored issue is clearly stronger than those presented for appellate review, sufficient to over come the presumption of effective assistance of appellate counsel.

### IV.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's §2255 motion be **DENIED and dismissed with prejudice** from the docket.

Therefore, the following should be **DENIED** as moot:

A.  petitioner's request that his sentence vacated;

B.  petitioner's request for an evidentiary hearing; and

C.  petitioner's request for a "full re-sentencing."

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record as applicable.

DATED: September 20, 2011

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE